IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00251–CMA–KMT


KENNETH L. SMITH,

     Plaintiff,

v.

HON. MARCIA S. KRIEGER, in her official capacity as Judge of the UNITED STATES
     DISTRICT COURT FOR THE DISTRICT OF COLORADO,
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO,
THE TENTH CIRCUIT COURT OF APPEALS,
THE COLORADO COURT OF APPEALS,
THE SUPREME COURT OF COLORADO, and
JOHN DOES 1-99,

     Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

     This case involves claims that Defendants violated Plaintiff's First, Fifth, and Fourteenth

Amendment rights.  This matter is before the court on (1) Plaintiff's "Emergency Motion for

Preliminary Inunction and Other Injunctive and/or Declaratory Relief" (Doc. No. 9, filed March

24, 2008); (2) "Colorado Supreme Court and Colorado Court of Appeals' Motion to Dismiss

First Amended Complaint" (Doc. No. 30, filed June 10, 2008); (3) "Defendants the United States

District Court for the District of Colorado, and the Tenth Circuit Court of Appeals' Motion to

Dismiss" (Doc. No. 40, filed June 24, 2008); and (4) "Federal Defendant Hon. Marcia S.

Krieger's Motion to Dismiss" (Doc. No. 75, filed September 24, 2008).

## STATEMENT OF THE CASE

Plaintiff originally filed a case in state court challenging the denial of his admission to the Colorado Bar.  In *Smith v. Mullarkey, et al.*, 121 P.3d 890 (Colo. 2005), the Colorado Supreme Court upheld the lower state court's dismissal of Plaintiff's case.  *Mullarkey*, 121 P.3d at 891, 892 (finding that the Colorado Supreme Court has "exclusive and inherent power to admit applicants to the Bar of this state")[1].  Plaintiff did not seek certiorari in the United States Supreme Court, and the Colorado Supreme Court's denial of Plaintiff's admission to the bar became final when Plaintiff's time for filing for certiorari expired.  *Id.* at 893.  Plaintiff has since filed a series of lawsuits related to his denial of admission to the bar, summarized as follows in the motion to dismiss filed by the United States District Court for the District of Colorado and the Tenth Circuit Court of Appeals:

> Plaintiff has filed numerous lawsuits in this Court and in the state courts.  It appears that his first federal lawsuit was *Smith v. Mullarkey, et al*, 00-cv-02225-EWN-OES in which he sued the Justices of the Colorado Supreme Court as well as members of the Colorado Board of Law Examiners (*Smith I*). The district court dismissed the complaint, the Tenth Circuit affirmed the dismissal, and the United States Supreme Court denied Plaintiff's "Petition for Writ of Mandamus."  Plaintiff's second lawsuit was the identical case but filed in Denver District Court, *Smith v. Mullarkey et al[.]*, 02-cv-127, and resulted in the Colorado Supreme Court's published decision in *Smith v. Mullarkey, et al*, 121 P.3d 890 (Colo. 2005) (*Smith II*).  The United States Supreme Court denied certiorari.  The opinion issued by the Colorado Supreme Court in *Smith II* forms the basis for Plaintiff's claims in the present case against the state courts.

---

[1]The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.  Facts subject to judicial notice may be considered in a motion to dismiss without converting the motion to dismiss into a motion for summary judgment.  *See Tal v. Hogan*, 453 1244, 1264 n.24 (10th Cir. 2006).

> Plaintiff's third lawsuit was *Smith v. United States Court of Appeals for the Tenth Circuit*, 04-cv-01222-REB-OES (*Smith III*) and involved claims against judges of the Tenth Circuit, the United States District Court, and the Denver District Court, as well as then-Attorney General, Ken Salazar.  The District Court dismissed the lawsuit.  Plaintiff's fourth lawsuit was *Smith v. Mullarkey et al*, 04-cv-01223-REB-OES, in which Plaintiff again sued the members of the Colorado Supreme Court (*Smith IV*).  The United States District Court dismissed that case.  *Smith III* and *Smith IV* were consolidated on appeal, and the Tenth Circuit affirmed the dismissals.  In February 2008, the United States Supreme Court denied Plaintiff's petition for certiorari. It appears that the Fifth lawsuit was *Smith v. Bender et al.*, 07-cv-01924-MSK-KMT.

(Defs. the U.S. Dist. Ct. for the Dist. of Colo., and the Tenth Cir. Ct. of App.' Mot. to Dismiss at 3, n.2 [hereinafter "Fed. Defs.' Mot. to Dismiss].)

In *Smith v. Bender, et al.* (hereinafter "*Smith V*")[2], Plaintiff sought injunctive and/or declaratory relief "to declare the Colorado Supreme Court decision in *Smith v. Mullarkey* . . . void, on the ground that the defendants did not have jurisdiction to decide the matter."  (Am. Compl. ¶¶ 51, 54.)  Judge Marcia S. Krieger dismissed *Smith V* based on lack of jurisdiction and qualified immunity.

Prior to the dismissal of *Smith V*, Plaintiff initiated this lawsuit.  In Plaintiff's first claim, he alleges that Defendants have violated his due process rights by issuing unpublished opinions without precedential effect.  (*Id.* ¶¶ 101–104.)  In Plaintiff's second claim, he alleges that Defendants have violated his and other citizens' right to equal protection by treating *pro se* cases "shabbily and superficially."  (*Id.* ¶¶ 105–106.)  In his third claim, Plaintiff argues that the issuance of unpublished opinions has resulted in Defendants' denying him access to the courts.

---

[2]To avoid confusion, this court also will refer to the previously-filed cases summarized herein as "*Smith I*," "*Smith II*," "*Smith III*," "*Smith IV*," and "*Smith V*."

3

(*Id.* ¶¶ 107–109).   Plaintiff seeks declaratory and injunctive relief, as well as unspecified fees, costs, and expenses, including attorneys' fees.  (*Id.* at 21–22.)

All of the defendants have filed motions to dismiss the Amended Complaint.  The Colorado Supreme Court and Colorado Court of Appeals (hereinafter "State Defendants") argue that (1) claims against the state courts are barred by the Eleventh Amendment or sovereign immunity; (2) Plaintiff lacks standing to bring this action; (3) the complaint fails to allege a constitutional right has been violated; (4) Plaintiff's requests for relief as they relate to the state courts do not qualify for injunctive relief; (5) issue preclusion bars this lawsuit; (6) the statute of limitations bars this lawsuit; and (7) the *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction.  (State Defs.' Mot.)

The United States District Court for the District of Colorado and the Tench Circuit Court of Appeals (hereinafter "Federal Defendants") argue that (1) Plaintiff lacks standing to challenge the Tenth Circuit's publication rule; (2) Plaintiff's challenge to the Tenth Circuit's prior rules is moot; (3) this court lacks jurisdiction over Plaintiff's official capacity claims because Defendants have judicial immunity; (4) qualified immunity protects the federal judges; (5) this court lacks authority to compel official action by the Tenth Circuit or any district court judge; and (6) Plaintiff has not properly served all of the federal defendants.  (Fed. Defs.' Mot.)

Defendant Krieger argues that (1) she is entitled to sovereign immunity;(2) she is entitled to absolute judicial immunity for Plaintiff's injunctive relief claims; (3) Plaintiff has failed to state a claim against her for declaratory relief; and (4) she was not properly served.  (Krieger's Mot.)

4

## PROCEDURAL HISTORY

Plaintiff filed his original complaint on February 6, 2008, alleging claims against Circuit Judge David E. Ebel; the United States District Court for the District of Colorado; the Tenth Circuit Court of Appeals; the Colorado Court of Appeals; and the Supreme Court of Colorado. (Doc. No. 1.)  On May 28, 2008, Plaintiff filed his Amended Complaint, naming United States District Judge Marcia S. Krieger as a defendant instead of Judge Ebel, and substituting Judge Krieger's name for Judge's Ebel's name in the body of the complaint.  (Doc. No. 22.[3])  The State Defendants filed their motion to dismiss on June 10, 2008.  (State Defs.' Mot.)  Plaintiff filed his response on July 3, 2008 (hereinafter "Resp. to State Defs.' Mot."), and the State Defendants filed their reply on July 31, 2008 (hereinafter "Reply to State Defs.' Mot.").

The Federal Defendants filed their motion to dismiss on June 24, 2008.  ("Fed. Defs.' Mot.")  Plaintiff filed his response on July 15, 2008 (hereinafter "Resp. to Fed. Defs.' Mot.), and the Federal Defendants file their reply on July 23, 2008 (hereinafter "Reply to Fed. Defs.' Mot.").        Defendant Krieger filed her motion to dismiss on September 24, 2008.  (Krieger's Mot.) Plaintiff filed his response on October 9, 2008 (hereinafter "Resp. to Krieger's Mot."), and Defendant Krieger filed her reply on October 24, 2008 (hereinafter "Reply to Krieger's Mot.").[4]

---

[3]The Amended Complaint is docketed a second time after being deemed filed on June 27, 2008.  (Doc. No. 45.)  When referring to the Amended Complaint, this court will refer to the originally-filed document at docket number 22.

[4]Defendant also Krieger filed a reply on October 27, 2008 (Doc. No. 80) which appears to be an exact duplicate of the reply filed October 24, 2008.

Prior to filing his amended complaint, Plaintiff also filed an "Emergency Motion for Preliminary Inunction and Other Injunctive and/or Declaratory Relief" (Doc. No. 9, hereinafter "Mot. for Prelim. Inj.) to which no response was filed. These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

### 1.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

6

**2.      *Lack of Subject Matter Jurisdiction***

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2008). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

**3.      *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002).  In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2).  Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007); *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008).  This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true.  It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).  If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).  The issue in reviewing the sufficiency of a plaintiff's

complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

*1.*     *Motions of the Federal Defendants and Defendant Krieger*

   *A.*     *Defendant Krieger's Claim of Sovereign Immunity*

Defendant Krieger argues that this court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has failed to identify a waiver of sovereign immunity.  (Krieger's Mot. at 2–4.)  A lawsuit against a federal judicial officer for acts done in her official judicial capacity is a lawsuit against the United States America itself.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244 (1940).  Sovereign immunity is jurisdictional in nature.  The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  *See also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").  Accordingly, the court must first decide whether sovereign immunity has been waived.

Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331 and 1343.  (Am. Compl. ¶ 3.) Section 1331 is a general grant of jurisdiction which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the

United States.  *See* 28 U.S.C. § 1331.  However, § 1331 confers subject matter jurisdiction on this court only where some other authority explicitly waives the United States' sovereign immunity.  *High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006); *Harrell v. U.S.*, 443 F.3d 1231, 1234 (10th Cir. 2006) ("absent express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over suits against the United States).  Section 1343(a)(4) provides:  "[D]istrict courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ." 28 U.S.C. § 1343.  The Tenth Circuit has held that "[t]his language does not by itself include any waiver of the sovereign immunity of the United States." *Salazar v. Heckler*, 787 F.2d 527, 528 -529 (10th Cir. 1986) (citations omitted).

Although Plaintiff specifically states that jurisdiction is premised upon 28 U.S.C. §§ 1331 and 1343, he also seems rely on 42 U.S.C. § 1983, 28 U.S.C. §§ 2201–02, 28 U.S.C. § 1651, and Article III and the First, Fifth, and Fourteenth Amendments of the Constitution (*see* Am. Compl. ¶¶ 1–2, 5), none of which waive the United States' sovereign immunity.  *See Brooks v. Graber*, No. No. 00-2262, 2000 WL 1679420, at *8 (D. Kan. 2000) (The United States has not waived sovereign immunity for suits arising under Section 1983), *aff'd,* 15 Fed. Appx. 764 (10th Cir. August 13, 2001); *Morse v. West*, 975 F. Supp. 1379, 1382 (D. Colo. 1997), *aff'd,* 172 F.3d 63 (10th Cir. 1999) (same); *La Casa de Buena Salud v. United States*, No. Civ 07-238 JB/RHS, 2008 WL 2323495, at *6 (D.N.M. Mar. 21, 2008) (The Declaratory Judgment Act, 28 U.S.C. 2201–02, does not "waive[] the sovereign immunity of the United States or confer[] jurisdiction

on the district courts over the United States.); *see also Goodwill Industrial Servs. Corp. v. Committee for Purchase from People who are Blind or Severely Disabled*, 378 F. Supp.2d 1290, 1293–94 (D. Colo. 2005); *B.R. MacKay & Sons, Inc. v. United States*, 633 F. Supp. 1290, 1295 (D. Utah 1986) (same); *Reading v. United States*, 506 F. Supp.2d 13, 20 (D.D.C. 2007) (The "All Writs" Act, 28 U.S.C. § 1651, does not waive the United States' sovereign immunity.); *see also, Hall v. Richardson*, No. 95-1907, 1997 WL 242765, at *3 (D. Ariz. Feb. 21, 1997); *Ammel v. Cavuto*, No. 95-4147, 1996 WL 50973, at *1 (D. Kan. 1996); *Lloyd's Syndicate 609 v. United States*, 780 F. Supp. 998, 1001 (S.D.N.Y. 1991) (same); *Fetter v. United States*, 972 F.2d 1338, 1992 WL 203890, at *1 (9th Cir. 1992) (citing *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985)) (" [t]he Constitution itself does not contain a waiver of sovereign immunity"); *see also, Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (same); *Commonwealth of Ky. ex rel. v. Ruckelshaus*, 362 F. Supp. 360, 368 (W.D. Ky. 1973) ("constitutional amendments have no effect upon the [United States'] sovereign immunity from suit"), aff'd, 497 F.2d 1172 (6th Cir. 1974), aff'd, 426 U.S. 167 (1976).

Plaintiff contends, citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), that "where [an] officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions," *Larson*, 337 U.S. 682 at 689–90, and, as such, sovereign immunity does not apply.  (Resp. to Krieger's Mot. at 6.) Plaintiff avers that under *Larson*, "sovereign immunity is not a valid defense to a suit seeking declaratory relief."  (*Id.* at 7.)  In *Larson*, the Supreme Court found that a federal employee may be sued in his official capacity for specific relief where the officer purports to act as an

individual and not as an official, *i.e.*, the officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden.  337 U.S. at 689.  Because in such cases relief can be granted only because of the officer's lack of delegated power, a claim of error in the exercise of that power is insufficient.  *Id.* at 690.  The Supreme Court reasoned:

> It is argued that an officer given the power to make decisions is only given the power to make correct decisions.  If his decisions are not correct, then his action based on those decisions is beyond his authority and not the action of the sovereign.  There is no warrant for such a contention in cases in which the decision made by the officer does not relate to the terms of his statutory authority.  Certainly the jurisdiction of a court to decide a case does not disappear if its decision on the merits is wrong.  And we have heretofore rejected the argument that official action is invalid if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to do so.  We therefore reject the contention here.

*Id.* at 695 (citation omitted).  In this case, Plaintiff's only references to Defendant Krieger are in identifying her as the judge to whom *Smith V* was assigned (Am. Compl. ¶ 13) and in asking for an injunction prohibiting her and other Colorado District Court judges from dismissing complaints upon the recommendation of a magistrate judge, from ruling on motions for injunctive and/or declaratory relief without issuing specific types of opinions, and from issuing substantive rulings of law in written decisions which are at variance with the published rulings of opinions contrary to precedent absent certain conditions (*id.* at 22).  Plaintiff has failed to allege Defendant Krieger acted in a way in which she was not empowered or in which she was forbidden.  Moreover, to the extent Plaintiff now alleges any error Defendant Krieger's exercise

12

of her power because she dismissed *Smith V* (see Resp. to Krieger's Mot. at 13–14), this argument is insufficient to grant any relief. *Larson* at 690.[5]

Plaintiff also argues in his response that "the line of precedent requiring that he show a specific statutory waiver as a condition precedent to suit are [sic] inapplicable," as he is neither seeking compensatory or punitive damages. (Resp. to Krieger's Mot. at 7.) Plaintiff fails to support his contention with any case or statutory law. Indeed, the United States' sovereign immunity applies with equal force to actions for injunctive or declaratory relief and actions for monetary relief. *See United States v. Murdock Mach. and Engineering Co. of Utah*, 81 F.3d 922, 929, 931 (10th Cir. 1996); *Amoco Oil Co. v. U.S. E.P.A.*, 959 F. Supp. 1318, 1320 (D. Colo. 1997). Furthermore, "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, if the government has not consented to suit, the courts have no jurisdiction to either "restrain the government from acting, or to compel it to act." *Larson*, 337 U.S. at 704

Though the Federal Defendants have not raised sovereign immunity as a defense, the court finds *sua sponte* that they also are entitled to sovereign immunity, as they are part of the

---

[5]This court would be reaching even to find that Plaintiff has made <u>any</u> argument that Defendant Krieger's decision in *Smith V* was incorrect. Plaintiff claims for the first time in his response to Defendant Krieger's motion to dismiss that he is dissatisfied with Defendant Krieger's dismissal of *Smith V*. However, at the time Plaintiff filed both his original complaint on February 6, 2008, and his amended complaint on May 28, 2008, *Smith V* remained pending, and it was not dismissed until July 11, 2008. (Krieger's Mot. at 3.)

government of the United States of America.[6]  *F.D.I.C. v. Meyer*, 510 U.S. at 474 (absent a

waiver, sovereign immunity shields the federal government and its agencies from suit); *United*

*States v. Shaw*, 309 U.S. 495, 500–01 (1940) (a suit against the United States or its agencies is

barred by the doctrine of sovereign immunity unless the United States gives prior consent to

suit).

No waiver of sovereign immunity applies in this case.  Therefore, Defendant Krieger, the

United States District Court for the District of Colorado, and the Tenth Circuit Court of Appeals

are immune from suit, and Plaintiff's claims against these defendants are properly dismissed for

lack of jurisdiction.  Nevertheless, the court will address the Federal Defendants and Defendant

Krieger's motions as they relate to judicial immunity as well.

### B.      Federal Defendants and Defendant Krieger's Claims of Judicial Immunity

The Federal Defendants and Defendant Krieger also assert they are entitled to absolute

judicial immunity.  (Fed. Defs.' Mot. at 17–21; Krieger's Mot. at 8–12.)  In *Stump v. Sparkman*,

435 U.S. 349, 359 (1978), the Supreme Court stated that a judge is entitled to judicial immunity

if he has not acted in clear absence of all jurisdiction and if the act was a judicial one.  An act is

judicial if it is a function normally performed by a judge and the parties dealt with the judge in

her judicial capacity.  *Id.* at 362.  Recognizing that it is a "general principle of the highest

importance to the proper administration of justice that a judicial officer, in exercising the

---

[6]The court has a duty to determine subject matter jurisdiction *sua sponte*.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *see also* Fed. R. Civ. P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

14

authority vested in [her], [should] be free to act upon [her] own convictions, without apprehension of personal consequence," the Supreme Court held that "judges of courts of superior or general jurisdictions are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 351 (1872).

"The Supreme Court has recognized only two exceptions to this immunity from suit: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;' and (2) 'a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.'" *Hicks v. Blythe*, 105 F.3d 669 (10th Cir.1997) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)).  "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they deal with the judge in his judicial capacity." *Stump*, 435 U.S. at 360.

In this case, Plaintiff refers to Defendant Krieger solely in stating she was assigned as presiding judge in *Smith V* (Am. Compl. ¶ 13) and in describing the injunctive and/or declaratory relief he seeks (*id.* at 22).  Plaintiff has not alleged and it cannot be disputed that Defendant Krieger has engaged in anything other than judicial acts.  Moreover, Plaintiff does not allege any facts and it cannot be disputed that any actions or inactions by Defendant Krieger were taken in complete absence of all jurisdiction.  Accordingly, Plaintiff has failed to show Defendant Krieger fits into one of the two exceptions set forth in *Hicks*, and Defendant Krieger is entitled to judicial immunity.

The Federal Defendants assert, without supporting authority, that any claims against them premised on the conduct of Defendant Krieger should be dismissed because the judge and, thus, the courts are immune from suit.  (Fed. Defs.' Mot. at 17, 21.)  The Supreme Court has advanced a definition for judicial immunity based on the "functions it protects and serves," rather than based on the person to whom it attaches.  *Forrester v. White*, 484 U.S. 219, 227 (1988). Consequently, "[i]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved."  *Henricksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (emphasis added). "[A]bsolute judicial immunity has been extended to non-judicial officers where 'their duties had an integral relationship with the judicial process.'"  *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (emphasis added) (quoting *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir.1987)).  Though it cannot be disputed that the Federal Defendants have an integral relationship with the judicial process, this court has found no law supporting the theory that this "quasi-immunity" should be extended to an agency, rather than to an individual, and declines to do so here.

### C.      *42 U.S.C. § 1983 Claims/***Bivens** *Claims*

To the extent Plaintiff has sued the United States District Court and the Tenth Circuit Court of Appeals as entities, the plaintiff cannot proceed under § 1983 because that statute applies only to acts under color of state law, by persons.  42 U.S.C. § 1983 ("Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . .

shall be liable to the party injured . . . .").  Additionally, to the extent Plaintiff is asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities, a *Bivens* action may not be brought against the United States itself or any federal agencies or entities, as such actions are barred by the doctrine of sovereign immunity.  *See FDIC v. Meyer*, 510 U.S. at 484.  The United States also is protected by sovereign immunity because the Federal Tort Claims Act is not available for constitutional tort claims.  *FDIC*, 510 U.S. at 477–78.  Thus, any claims for damages against the Federal Defendants asserted under the Federal Tort Claims Act or in a *Bivens* action are properly dismissed.

> **i.**  ***Judicial immunity applies to* Bivens *actions for injunctive relief and attorney's fees.***

Judges are immune from suits for damages.  *Pulliam v. Allen*, 466 U.S. 522, 544 (1984).  In *Pulliam*, the Supreme Court found that a judge "is not shielded by absolute [judicial] immunity from declaratory or injunctive relief."  *Pulliam*, 466 U.S. at 541–42.  However, in 1996, Congress effectively reversed *Pulliam* with the enactment of the Federal Courts Improvement Act ("FCIA"), Pub.L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983).  Section 309(c) of the FCIA bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  Neither statutory limitation appears to apply in this case, and Plaintiff's Amended Complaint says nothing to the contrary.  Thus,

judicial immunity extends not only to Plaintiff's claims for monetary relief, but to his claims for injunctive relief. *See Lawrence v. Kuenhold*, 271 Fed. Appx. 763, 766 (10th Cir. 2008).

The FCIA also amended 42 U.S.C. § 1988 to bar courts from awarding costs, including attorney's fees, "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless such action was clearly in excess of such officer's jurisdiction." 42 U.S.C. § 1988(b); *see also Shelton*, 1999 WL 1101254, at *2; *Kampfer v. Scullin*, 989 F. Supp. 194, 201-02 (N.D.N.Y. 1997). The Tenth Circuit has applied the FCIA amendments to limit any attorney fee awards available against federal judges under *Bivens*. *See Shelton*, 1999 WL 1101254, at *2. As discussed above, it cannot be stated that any action or inaction taken by Defendant Krieger was in excess of her jurisdiction. As such, Plaintiff's claims for attorney fees are barred. Therefore, the only type of relief available to the plaintiff is declaratory relief. *See Lawrence*, 271 Fed. App. at 766 (citing *Schepp v. Fremont County*, 900 F.2d 1448, 1452 (10th Cir. 1990)).

### D.    *Claims Against Defendant Krieger for Declaratory Relief*

Plaintiff seeks a declaration that "Defendants' practices" of issuing "designer" and "unpublished" opinions which "fabricate and/or elide key facts" violated his constitutional rights. (Am. Compl. at 3–4.) "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence* at 766 (citing *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004). As of the time the amended complaint in this case was filed, Defendant Krieger had not issued any opinions against Plaintiff. Therefore, a declaration

18

of any past liability by Defendant Krieger would be inappropriate.  Moreover, Defendant Krieger

is no longer assigned to this case, and *Smith V* was dismissed and closed after the plaintiff filed

his complaint in this case.  Since there is no basis for any declaration in anticipation of future

conduct by Defendant Krieger regarding issues germane to the plaintiff, the plaintiff lacks

standing to pursue declaratory judgment against Defendant Krieger.  A declaratory judgment

would serve no purpose here and, thus, is not available.  *See S. Utah Wilderness Alliance v.*

*Smith*, 110 F.3d 724, 730 (10th Cir. 1997).  Accordingly, Plaintiff's claims for declaratory relief

against Defendant Krieger are properly dismissed for failure to state a claim upon which relief

can be granted.

As this court has found the claims against the Federal Defendants and Defendant Krieger

are properly dismissed under either sovereign immunity or judicial immunity, or both, it need not

address the remaining arguments advanced in favor of dismissal by these defendants on the

merits.

## 2.    *State Defendants' Motion*

### A.    *Eleventh Amendment*

The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief

sought, absent the state's affirmative waiver of its immunity or congressional abrogation of that

immunity.  *Pennhurst v. Halderman*, 465 U.S. 89, 98–99 (1984).  Eleventh Amendment

immunity extends to governmental entities that are "arms of the state."  *Will v. Michigan Dep't*

*of State Police*, 491 U.S. 58, 70 (1989).  The Colorado Court of Appeals and the Supreme Court

of Colorado are state agencies, and, therefore arms of the state such that a suit against them is a

suit against the State of Colorado, barred by the Eleventh Amendment.  *See Ruiz v. McConnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  The Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief, against state officials where the state is the real party in interest.  *Pennhurst*, 465 U.S. at 101–02.

Accordingly, Plaintiff's claims against the Colorado Court of Appeals and the Supreme Court of Colorado are barred by the Eleventh Amendment.  In addition, the state courts are not "persons" for purposes of § 1983.  *Will*, 491 U.S. at 71.  This court finds that the State Defendants are entitled to Eleventh Amendment immunity.

### B.     The **Rooker-Feldman** *Doctrine*

Plaintiff's claims in this case are directly related to orders entered by the state court in Plaintiff's cases challenging his denial of admission to the Colorado Bar.  The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  *Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court.  *See Feldman*, 460 U.S. at 483–84 n.16.  A constitutional claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).  In short, *Rooker-Feldman* precludes a federal action if the relief

requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id.*

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)).  Plaintiff's allegations fall squarely within the scope of the *Rooker-Feldman* doctrine and, therefore, preclude this court from reviewing them.

While Plaintiff does set forth allegations that his constitutional rights have been violated, ultimately he is seeking to void state court orders.  Under *Rooker-Feldman*, the redress for these alleged injuries is through the state court appellate process to the United States Supreme Court. Federal district courts can neither address these injuries nor review the state court proceedings. 28 U.S.C. § 1257 (2008).  Accordingly, Plaintiff's claims against the State Defendants are properly dismissed for lack of subject matter jurisdiction.

**3.     *Plaintiff's Motion for Preliminary Injunction***

The plaintiff is requesting an injunction pursuant to Fed. R. Civ. P. 65(b).  A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).  A party seeking injunctive relief must found his effort on specific factual allegations.  *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992).  Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal."  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

As this court is recommending that all of Plaintiff's claims for relief be denied and Defendants' motion to dismiss be granted, there is not a substantial likelihood Plaintiff ultimately will prevail on the merits of this case.  Accordingly, Plaintiff's request for injunctive relief is properly denied at this time.

As this court has determined the claims against the State Defendants are properly dismissed due to either Eleventh Amendment or sovereign immunity, it need not address the State Defendants' arguments for dismissal on the merits.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that

1.      "Colorado Supreme Court and Colorado Court of Appeals' Motion to Dismiss First Amended Complaint" (Doc. No. 30, filed June 10, 2008) be GRANTED;

2.      "Defendants the United States District Court for the District of Colorado, and the Tenth Circuit Court of Appeals' Motion to Dismiss" (Doc. No. 40, filed June 24, 2008) be GRANTED;

3.      "Federal Defendant Hon. Marcia S. Krieger's Motion to Dismiss" (Doc. No. 75, filed September 24, 2008) be GRANTED;

4.      Plaintiff's "Emergency Motion for Preliminary Inunction and Other Injunctive and/or Declaratory Relief" (Doc. No. 9, filed March 24, 2008) be DENIED; and

5.      This case be dismissed in its entirety.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

23

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of April, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge