**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00251-CMA-KMT

KENNETH L. SMITH,

      Plaintiff,

v.

HON. MARCIA S. KRIEGER, in her official capacity as Judge of the United States
District Court for the District of Colorado;
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO;
THE TENTH CIRCUIT COURT OF APPEALS;
THE COLORADO COURT OF APPEALS;
THE SUPREME COURT OF COLORADO; and
JOHN DOES 1-99,

      Defendants.

---

ORDER

---

    This matter is before the Court on the April 30, 2009 recommendation by

Magistrate Judge Kathleen M. Tafoya (Doc. # 83) that the defendants' motions to

dismiss (Docs. # 30, 40, 75) be granted, that Plaintiff's Emergency Motion for

Preliminary Injunction and Other Injunctive and/or Declaratory Relief (Doc. # 9) be

denied, and that Plaintiff's case be dismissed.  Both Plaintiff and Defendants Colorado

Supreme Court and Colorado Court of Appeals filed objections to this recommendation

(Docs. # 84, 86).  Various responses and replies to those objections have been

submitted (Docs. # 87, 91, 92, 93, 95, 96, 101).

    Plaintiff also filed a Motion for Taking of Judicial Notice (Doc. # 85) that relates to

the Magistrate Judge's recommendation.  That motion was denied by the Magistrate

Judge on May 21, 2009 (Doc. # 89).  Plaintiff objected to that denial in the form of an

"Emergency Motion for Reassignment of Magistrate and Plaintiff's Objection to

Magistrate's Order" (Doc. # 90).  Both Defendant Hon. Marcia S. Krieger and

Defendants Colorado Supreme Court and Colorado Court of Appeals have filed

responses to Plaintiff's objection (Docs. # 97, 98).

These objections and motions are ripe for decision.

## I.    BACKGROUND

A detailed recitation of the factual and procedural background is set out in the

Magistrate Judge's recommendation.  Briefly, Plaintiff, who is proceeding *pro se*, filed a

complaint alleging numerous violations of his federal constitutional rights.  (*See* Doc. #

22).  The complaint is the latest in a series of lawsuits against various state and federal

courts and judges, all of which stem from the denial of Plaintiff's application for

admission to the Colorado Bar.[1]  In the present case, Plaintiff challenges his treatment

---

[1]  The timing and order of Plaintiff's previous lawsuits is a bit confusing.  It appears from the record that, following the Colorado Supreme Court's adoption of the recommendation that Plaintiff's application to the Colorado Bar be denied, Plaintiff filed his first lawsuit – *Smith v. Mullarkey*, 00-cv-02225-EWN-OES – in federal district court. (*See* Doc. # 40 n.2.)  The case was dismissed, and the Tenth Circuit affirmed.  *See Smith v. Mullarkey*, 67 F. App'x 535 (10th Cir. 2003).  After dismissal of that case, Plaintiff filed an identical lawsuit in Denver District Court.  (*See* Doc. # 40. n.2.)  That case too was dismissed, and eventually resulted in the Colorado Supreme Court's published decision in *Smith v. Mullarkey*, 121 P.3d 890, 893 (Colo. 2005).  Plaintiff then filed his third and fourth lawsuits, both in federal court, titled *Smith v. United States Court of Appeals for the Tenth Circuit*, 04-cv-01222-REB-OES and *Smith v. Mullarkey*, 04-cv-01223-REB-OES.  (*See* Doc. # 40 n.2.)  Both were dismissed, and the Tenth Circuit again affirmed.  *See Smith v. U.S. Court of Appeals for the Tenth Circuit*, 484 F.3d 1281 (10th Cir. 2007).  Plaintiff's fifth lawsuit was a federal court challenge to the Colorado Supreme Court's decision in *Smith v. Mullarkey*, 121 P.3d 890 (Colo. 2005); the federal lawsuit was styled *Smith v. Bender*, 07-cv-01924-MSK-KMT.  (*See* Doc. # 40 n.2.)  That case was recently dismissed, and Plaintiff has appealed.  (*See* 07-cv-1924-MSK-KMT, Docs. # 55, 57, 59.)

by the state and federal courts in his earlier lawsuits, and brings claims for violation of his Fifth and Fourteenth Amendment rights to due process, his Fifth and Fourteenth Amendment rights to equal protection, and his First Amendment right of access to the courts.  (*Id.* at 19-20.)  He seeks declaratory and injunctive relief aimed at requiring the Defendants to stop issuing unpublished opinions, so-called "designer" opinions (which Plaintiff characterizes as "opinions applicable to one and only one set of litigants"), and opinions that, in Plaintiff's words, "fabricate and/or elide key facts" and fail to address all legal arguments raised.  (*Id.* at 21-22.)  Shortly after filing this lawsuit, Plaintiff filed an Emergency Motion for Preliminary Injunction and Other Injunctive and/or Declaratory Relief (Doc. # 9).

Three separate motions to dismiss were filed: by Defendants Colorado Supreme Court and Colorado Court of Appeals ("State Defendants") (Doc. # 30); by Defendants The United States District Court for the District of Colorado and The Tenth Circuit Court of Appeals ("Federal Defendants") (Doc. # 40); and by Defendant Hon. Marcia S. Krieger ("Krieger") (Doc. # 75).  These motions rested primarily on alleged procedural deficiencies with Plaintiff's complaint and his theory of the case.  The motions were referred to the Magistrate Judge for recommendation (Doc. # 81).

The Magistrate Judge recommended that the motions be granted on a variety of grounds: the Federal Defendants and Defendant Krieger are shielded from suit by the doctrine of sovereign immunity (Recommendation at 9-14); Defendant Krieger is similarly shielded by the doctrine of judicial immunity from Plaintiff's claims for money damages, injunctive relief, and attorney's fees (*id.* at 14-16, 17-18); Plaintiff lacks standing to pursue his claims for declaratory relief against Defendant Krieger (*id.* at 18-

3

19); 42 U.S.C. § 1983 and *Bivens*[2] claims cannot be brought against the Federal Defendants as entities (*id.* at 16-17); constitutional tort claims are not proper under the Federal Tort Claims Act and thus any such claims against the Federal Defendants should be dismissed (*id.* at 17); and Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine (*id.* at 19-21). Given these conclusions, the Magistrate Judge further recommended that Plaintiff's Emergency Motion for Preliminary Injunction and Other Injunctive and/or Declaratory Relief be denied on the ground that Plaintiff could not show the requisite substantial likelihood that he would prevail on the merits.  (*Id.* at 21-22.)

## II.   STANDARD OF REVIEW

The primary matter before the Court is the Magistrate Judge's recommendation that Plaintiff's case be dismissed.  Pursuant to Fed. R. Civ. P. 72(b)(3), the district court must "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  A proper objection is both timely – filed by a party "[w]ithin 10 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2) – and specific.  *See United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court . . . .").  For an objection to be sufficiently specific, it must "'enable[ ] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *One Parcel of*

---

[2]  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Real Property*, 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). Where an objection is not made or is made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Court is mindful of Plaintiff's *pro se* status and, accordingly, reads his pleadings and filings liberally. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). Further, *pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994).

## III.   ANALYSIS

### A.   Plaintiff's Objections

### 1. Timeliness & Specificity

As a threshold matter, the Federal Defendants argue that Plaintiff's objections, which were filed on May 18, 2009, were not timely.  (*See* Doc. # 91 at 2.)  The Magistrate Judge's recommendation is dated April 30, 2009.  Objections are due "[w]ithin 10 days after being served with a copy of the" recommendation.  Fed. R. Civ. P. 72(b)(2).  Where, as here, the time period at issue is less than 11 days, intermediate weekend days are to be excluded from the calculation.  Fed. R. Civ. P. 6(a)(2).  Moreover, because Plaintiff was served by mail, an additional three days are added to the end of the period.  Fed. R. Civ. P. 6(d); *see also* Fed. R. Civ. P. 72 advisory committee's notes, 1983 addition (noting that the 10-day period for filing objections is subject to the additional three-day period under Rule 6).  In calculating the three-day addition, "[i]ntermediate Saturdays, Sundays, and legal holidays are included."  Fed. R. Civ. P. 6 advisory committee's notes, 2005 Amendments.  However, "[i]f the third day is a Saturday, Sunday, or legal holiday, the last day to act is the next day that is not a Saturday, Sunday, or legal holiday."  *Id.*  Under these rules, Plaintiff's ten-day period (exclusive of weekends) expired on Thursday, May 14.  Adding three days (and counting the weekend days), the objections came due on Sunday, May 17.  But because the last day to act cannot fall on a Sunday, that due date rolled over to Monday, May 18.  As such, the objections were timely.

However, Plaintiff's objections present another problem – lack of specificity. Much of Plaintiff's brief is devoted either to rearguing his substantive claims of improper

conduct by the courts in his earlier cases or to broad attacks on the character and integrity of courts and judges.  The Magistrate Judge's recommendation rests on procedural and jurisdictional grounds; whatever the merits of Plaintiff's substantive arguments and criticisms, the Court's role at this stage is to review *de novo* the specific objections to that recommendation.  *See* Fed. R. Civ. P. 72(b).

Having carefully reviewed Plaintiff's filings, the Court discerns the following objections made with the requisite specificity: (1) sovereign immunity was improperly applied in this case because it "has no colorable foundation in the Constitution" (Doc. # 86 at 29), presents "insuperable separation-of-powers problem[s]" (*id.* at 5), and is no defense "to an action in mandamus at common law" (*id.* at 5); (2) judicial immunity was improperly applied in this case because it is "lethal to the rule of law" (*id.* at 39), is inappropriate "as a defense to mandamus" (*id.* at 4), and, if anything, applies only to claims for money damages (*id.* at 4-5); (3) the Magistrate Judge erred in finding that there could be no future conduct by Defendant Krieger with respect to Plaintiff sufficient to support a declaratory judgment (*id.* at 5-6); and (4) the *Rooker-Feldman* doctrine is inapplicable to an action for mandamus (*id.* at 6) and, in any event, was improperly applied in this case (*id.* at 39).  The Court considers these objections *de novo.*  The remainder of Plaintiff's objections fail to focus the Court's attention on any discreet problem with the Magistrate Judge's recommendation.  Thus, in the interests of judicial economy, the Court has not conducted a *de novo* analysis of those portions of the recommendation not specifically objected to.

7

### 2.   Specific Objections

### a.   Sovereign Immunity

The Magistrate Judge recommended that the claims against the Federal

Defendants and Defendant Krieger be dismissed under the doctrine of sovereign

immunity.  As the Tenth Circuit has explained,

> [s]overeign immunity generally shields the United States, its agencies, and
> its officers acting in their official capacity from suit.  The defense of
> sovereign immunity is jurisdictional in nature, depriving courts of subject-
> matter jurisdiction where applicable.  Because general jurisdictional
> statutes  . . . do not waive the Government's sovereign immunity, a party
> seeking to assert a claim against the government under such a statute
> must also point to a specific waiver of immunity in order to establish
> jurisdiction.

*Normandy Apartments, Ltd. v. U.S. Dept. of Hous. & Urban Dev.*, 554 F.3d 1290, 1295

(10th Cir. 2009) (internal citations omitted).

Two of Plaintiff's objections to the Magistrate Judge's application of this doctrine

– that it finds no basis in the constitution and presents separation of powers concerns –

essentially challenge the basic propriety of the doctrine itself.  But the concept of

sovereign immunity has long been firmly established by the Supreme Court, *see, e.g.*,

*Cohens v. Virginia*, 19 U.S. 264, 411-12 (1821) ("The universally received opinion is,

that no suit can be commenced or prosecuted against the United States."), and this

Court is bound to follow that precedent.  *See, e.g.*, *United States v. Holyfield*, 481 F.3d

1260, 1262 (10th Cir. 2007) ("Unless and until the Supreme Court determines

otherwise, we will continue to follow applicable precedent.") (internal quotations

omitted).  For these reasons, those objections are overruled.

Plaintiff's other objection is that sovereign immunity does not bar an action in mandamus.  "Mandamus is the traditional writ designed to compel government officers to perform non-discretionary duties."  *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005).  The Court notes that neither Plaintiff's complaint, nor his response to Defendant Krieger's motion to dismiss, which raised the sovereign immunity defense, expressly characterized this action as one for mandamus.  However, liberally reading Plaintiff's *pro se* pleadings, as the Court is required to do, it does appear that Plaintiff intended mandamus-type relief.  The complaint itself essentially asks this Court to order the Federal Defendants and Defendant Krieger to issue opinions in certain ways – a request that resembles mandamus relief.  (Doc. # 22 at 21-22.)  Further, in response to Defendant Krieger's motion to dismiss, Plaintiff characterizes his case as a "petition of right," which he argues empowers citizens "to invoke the power of the courts to compel agents of the [government] to perform duties owed to them."  (Doc. # 77 at 2-4.)  This adequately describes a mandamus claim. Therefore, the Court will consider whether sovereign immunity is waived by, and thus the Court has jurisdiction over, a mandamus-type action directed toward the Federal Defendants and Defendant Krieger.  *Cf. Olson v. Hart,* 965 F.2d 940, 943 (10th Cir. 1992) (construing *pro se* petition for mandamus as an action for injunctive or declaratory relief).

Plaintiff, as the party invoking federal court jurisdiction, bears the burden of showing that such jurisdiction exists.  *See, e.g.*, *Basso v. Utah Power & Light Co.*, 495

F.2d 906, 909 (10th Cir. 1974).  More specifically, in the context of sovereign immunity,

Plaintiff must "point to a specific waiver of immunity in order to establish jurisdiction."

*Normandy Apartments*, 554 F.3d at 1295.  As noted in the Magistrate Judge's

recommendation, neither the jurisdictional statutes cited by Plaintiff – 28 U.S.C. §§ 1331

and 1343 – nor the other statutes and constitutional amendments referred to in

Plaintiff's complaint – 42 U.S.C. § 1983, 28 U.S.C. §§ 2201-02 and 1651, and the First,

Fifth, and Fourteenth Amendments to the Constitution – waive sovereign immunity.

(Recommendation at 9-11.)  Plaintiff's reliance on mandamus relief may be an attempt

to invoke the federal Mandamus Act, 28 U.S.C. § 1361, as a basis for jurisdiction.  *Id.*

(giving federal district courts "original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency thereof

to perform a duty owed to the plaintiff").  Generally, "[s]overeign immunity . . . does not

bar a district court from exercising subject-matter jurisdiction granted under § 1361."

*Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1245 (10th Cir. 2007).  However, in *Trackwell*,

the Tenth Circuit held that § 1361 does **not** confer jurisdiction in the district court over a

mandamus action directed toward the United States Supreme Court.  *Id.* at 1243.

Although the *Trackwell* Court only specifically considered the statute's application to the

Supreme Court, its language and reasoning is equally applicable to all federal courts

and judges.  *See, e.g.*, *id.* at 1242 (holding that § 1361 "does not apply to courts"); 1245

(quoting *Hubbard v. United States*, 514 U.S. 695, 699 (1995) for the proposition that

"[i]n ordinary parlance, federal courts are not described as 'departments' or 'agencies' of

the Government"); 1246 (ruling that § 1361 "exclu[des] . . . the judiciary from its

compass"); 1246-47 (citing cases interpreting 28 U.S.C. § 1391(e), the venue provision

governing § 1361 suits, as inapplicable to suits against judges and court officials).

Thus, given *Trackwell*'s reasoning, the Court finds that § 1361 cannot be invoked to

confer jurisdiction in the district court over mandamus actions directed at federal courts

or judicial officers.[3]

In sum, Plaintiff has failed to carry his burden to show a waiver of sovereign

immunity sufficient to give this Court jurisdiction over his lawsuit.  Therefore, Plaintiff's

objection must be overruled and his claims against the Federal Defendants and

Defendant Krieger must be dismissed for lack of jurisdiction.

### b.      Judicial Immunity & Declaratory Judgment

As an alternative to the recommendation that the claims against Defendant

Krieger be dismissed for lack of jurisdiction based on the doctrine of sovereign

immunity, the Magistrate Judge concluded that Defendant Krieger was entitled to

judicial immunity and that Plaintiff's claims for declaratory judgment against Defendant

Krieger were improper.  (Recommendation at 14-19.)  Plaintiff objects to both of these

recommendations.  However, as the Court lacks subject-matter jurisdiction over

---

[3]  Moreover, a finding that § 1361 confers jurisdiction on a federal district court to order action by equal or superior courts or their judges would run counter to the traditional justification for mandamus, which allowed courts to issue the writ only to lower courts.  *See, e.g.*, *In re Kaiser Steel Corp.*, 911 F.2d 380, 386 (10th Cir. 1990) ("[T]he power to issue a writ of mandamus flows from the court's exercise of its 'revisory appellate power over the inferior court.'" (quoting *Ex parte Republic of Peru*, 318 U.S. 578, 583 (1943))).

Defendant Krieger, the Court does not consider the merits of these objections.  *See,*

*e.g., Basso,* 495 F.2d at 909 ("A court lacking jurisdiction cannot render judgment but

must dismiss the cause at any stage of the proceedings in which it becomes apparent

that jurisdiction is lacking.").  For this reason, the Court does not adopt the portion of the

recommendation regarding Defendant Krieger's judicial immunity or Plaintiff's ability to

seek a declaratory judgment against her, and Plaintiff's objections thereto are overruled

as moot.[4]

### c.     *Rooker-Feldman*

The Magistrate Judge recommended that Plaintiff's claims against the State

Defendants should be dismissed, because, among other reasons, Plaintiff's lawsuit is

essentially a challenge to the earlier state court orders relating to his bar admission and

therefore is barred by the *Rooker-Feldman* doctrine.[5]  *See Erlandson v. Northglenn*

*Mun. Court,*  528 F.3d 785, 788 (10th Cir. 2008) ("The *Rooker-Feldman* doctrine

prevents the lower federal courts from exercising jurisdiction over cases brought by

state-court losers challenging state-court judgments rendered before the district court

---

[4]  For the same reason, the Court declines to adopt the portions of the recommendation concerning the Federal Defendants that recommend relief on grounds other than sovereign immunity.

[5]  Plaintiff does not appear to object to this characterization, and the Court does not find the characterization to be clearly erroneous.  Although Plaintiff's complaint does not expressly seek to overturn state court rulings, his pleadings demonstrate that the real intent of the present lawsuit is to attack those rulings by bringing general challenges to the state's judicial practices.  *See, e.g.*, Doc. # 51 at 6 (describing this case as "an insurance policy against the possibility that" the Colorado Supreme Court's decision in *Smith v. Mullarkey*, 121 P.3d 890 (Colo. 2005) withstands scrutiny).

proceedings commenced.") (internal quotations omitted).  Plaintiff objects to this recommendation on the ground that "[t]he *Rooker-Feldman* doctrine is inapplicable by definition to the matter before this Court, as this is an action for mandamus."  (Doc. # 86 at 6.)  Plaintiff cites no law in support of this contention.  However, lower federal courts "have no authority to issue such a writ [of mandamus] to 'direct state courts or their judicial officers in the performance of their duties.'"  *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970)).  If Plaintiff is asserting a mandamus claim against the State Defendants, it is not *Rooker-Feldman* that bars his claim, but rather this Court's lack of power to grant the relief sought.  As Plaintiff cannot seek mandamus relief, Plaintiff's objection is groundless and therefore overruled.

Plaintiff also objects to the application of *Rooker-Feldman* in this case because, he argues, the original state court judgment was "rendered in violation of due process" and therefore void, meaning that there never was a "state-court loser[ ]" sufficient to trigger the doctrine.  (Doc. # 86 at 39.)  But "there is no procedural due process exception to the *Rooker-Feldman* rule."  *Snider v. City of Excelsior Springs, Mo.*, 154 F.3d 809, 812 (8th Cir. 1998).  *See also Van Sickle*, 791 F.2d at 1436 ("Federal district courts do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983))).  Thus, Plaintiff's objection on this count is

overruled as well.

### B.    State Defendants' Objections

The State Defendants also filed objections to the Magistrate Judge's recommendation.  (Doc. # 84.)  The State Defendants do not disagree with any specific portion of the recommendation; rather, as the Magistrate Judge did not address all of the bases for dismissal urged in their motion to dismiss, they submitted objections "[i]n order to ensure that all the state courts' interests are fully preserved."  (*Id.* at 2.)  They urge that each ground for dismissal should have been included in the recommendation. (*Id.* at 3.)  However, the Magistrate's recommendation that the State Defendants be dismissed for lack of jurisdiction on the grounds of Eleventh Amendment immunity and the *Rooker-Feldman* doctrine are sufficient to dispose of the matter.  In the interest of judicial economy, the Court need not and does not reach the other grounds.  The State Defendants' objections are overruled.

### C.    Plaintiff's Motion for Taking of Judicial Notice & Motion for Reassignment of Magistrate

On the same day that Plaintiff filed his objections to the Magistrate Judge's recommendation, he filed a "Motion for Taking of Judicial Notice" (Doc. # 85).  The Magistrate Judge denied the motion without comment.  Plaintiff then filed an Emergency Motion for Reassignment of Magistrate and Plaintiff's Objection to Magistrate's Order (Doc. # 90), in which he (1) objects to the Magistrate Judge's denial of the Motion for Taking of Judicial Notice and (2) argues that the Magistrate Judge who issued the recommendation should be removed from the case.  The Court considers these

14

arguments in turn.

### 1.     Plaintiff's Objection

As a threshold matter, it is not obvious what standard of review applies to Plaintiff's objection.  As noted above, a district court reviews *de novo* any properly-objected to portion of a magistrate judge's recommendation as to a dispositive matter. *See* Fed. R. Civ. P. 72(b).  However, where a magistrate judge rules on a nondispositive issue, the district court's review is limited to considering whether the order is "clearly erroneous or . . . contrary to law."  *See id.* 72(a).  The Motion for Taking of Judicial Notice was not itself dispositive.  However, it appears that the motion is, substantively, a challenge to the Magistrate Judge's recommendations on the dispositive motions to dismiss.  (Doc. # 85 at 2 (arguing that judicial notice was "essential to the debunking of Magistrate Tafoya's misrepresentations of fact recited in her Recommendation.").)  The Court need not decide which standard governs, as even assuming the stricter *de novo* standard applies, Plaintiff's objection must still be overruled.

Plaintiff argues that the Magistrate Judge's factual narrative in the recommendation ignored pertinent facts relating to Plaintiff's earlier Bar admission proceedings.  (Doc. # 85.)  The motion attaches numerous court documents – motions, responses, orders, etc. – from the underlying Bar admission dispute.  (*See id.*, Ex. A-M.) Plaintiff contends that the facts contained in these documents are "judicially noticeable" under Fed. R. Evid. 201(b) and that they "establish beyond cavil that the underlying tort

claims brought against the justices of the Colorado Supreme Court were meritorious."
However, Fed. R. Evid. 201 applies, by its terms, only to "adjudicative facts" – the "facts
of the particular case" – that are "not subject to reasonable dispute."  Fed. R. Evid.
201(a), (b), & advisory committee's note, 1972 Proposed Rules.  While the documents
attached to the motion may establish the **procedural** facts of the earlier proceedings,
*i.e.*, that certain pleadings were filed and orders were issued, none of the documents
establish beyond "reasonable dispute" the **legal** conclusion that Plaintiff's earlier claims
were meritorious.  Moreover, having reviewed the attachments to the motion and
compared them with the Magistrate Judge's narrative, the Court does not find that
narrative to be "distort[ed]."  (*See* Doc. # 85 at 2.)  While the Magistrate Judge's
statement of the case may not have gone into as much detail as Plaintiff would have
liked concerning the substance of the earlier proceedings, the narrative sufficiently
described the procedural history necessary for an accurate assessment of the present
case.  For these reasons, Plaintiff's objection to the denial of the motion is overruled.

### 2.    Plaintiff's Motion for Removal

Plaintiff also moves to have the Magistrate Judge removed from the case.
Though much of Plaintiff's argument consists of broad accusations of corruption and
incompetence within the judiciary, the Court discerns four specific challenges: (1) the
Magistrate Judge failed to take notice of the facts submitted by Plaintiff and instead
"wrote a profoundly slanted narrative of this case" (Doc. # 90 at 2); (2) she erroneously
found that Plaintiff lacked standing to pursue declaratory relief against Defendant

Krieger (*id.* at 3); (3) she is biased in favor of the defendants – other judges – and

against Plaintiff (*id.* at 5); and (4) she denied Plaintiff's Motion for Taking Judicial Notice

in a minute order without explanation (*id.* at 8).

As for Plaintiff's first argument, the Court has already found that the documents

submitted were not judicially noticeable for the purpose for which they were submitted,

*i.e.*, to establish that the earlier suits were meritorious.  Thus, the Magistrate Judge did

not err in failing to take judicial notice.  Further, as noted above, the Court does not find

the Magistrate Judge's recitation of the earlier procedural history to be slanted or

distorted.

Plaintiff's second argument, that the Magistrate Judge erred in her ruling

concerning declaratory relief as against Defendant Krieger, focuses on the following

portion of the Magistrate Judge's recommendation:

> As of the time the amended complaint in this case was filed, Defendant
> Krieger had not issued any opinions against Plaintiff. Therefore, a
> declaration of any past liability by Defendant Krieger would be
> inappropriate. Moreover, Defendant Krieger is no longer assigned to this
> case, and *Smith V* [Plaintiff's case over which Defendant Krieger was
> presiding] was dismissed and closed after the plaintiff filed his complaint in
> this case. Since there is no basis for any declaration in anticipation of
> future conduct by Defendant Krieger regarding issues germane to the
> plaintiff, the plaintiff lacks standing to pursue declaratory judgment against
> Defendant Krieger.

(Doc. # 83 at 18-19; *see also* Doc. # 90 at 3.)  Plaintiff contends that this statement is

incorrect; *Smith V* has been appealed to the Tenth Circuit and, Plaintiff argues, if the

Tenth Circuit remands the matter it would be returned to Defendant Krieger.  On this

theory, there could be some "future conduct by Defendant Krieger regarding issues

germane to the plaintiff." Plaintiff claims that this error shows that the Magistrate Judge "placed her fingers on the scales of justice – ostensibly, to benefit her friends and colleagues." (Doc. # 90 at 3.) The Court disagrees. First, while there is some conceivable possibility that the Tenth Circuit could reverse and remand, standing requires injury that is "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Thus, it appears that the Magistrate Judge's standing ruling was correct. Second, even assuming the Magistrate should have recognized the possibility for remand, such an omission comes nowhere close to "blinding incompetence or outright corruption" alleged by Plaintiff. (Doc. # 90 at 12.)

Plaintiff's third argument – that the Magistrate Judge was unfairly biased in favor of the defendants because they are other judges – relies on general contentions of "guild favoritism" and the claim that "bureaucracies act reflexively to protect themselves." (*Id.* at 5.) These broad and conclusory allegations are insufficient to demonstrate the sort of personal bias necessary to disqualify a judge. *See, e.g., United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

Plaintiff's final argument is that the Magistrate Judge's summary denial of the Motion for Taking of Judicial Notice – without a written explanation – violated his right to due process. (*Id.* at 7-8.) He does not explain why this denial is particularly constitutionally offensive, and thus his argument must be that any denial of any motion without a written or oral explanation requires that the judge be removed from the case. While it may be better practice for a magistrate judge to issue an explanation for every

18

order, the rules do not require it.  *See* Fed. R. Civ. P. 72(a) (noting that, in deciding

nondispositive matters, the magistrate judge should "**where appropriate**, issue a

written order stating the decision") (emphasis added).  Regardless, the simple fact that

the Magistrate Judge denied a motion without explanation does not compel the

Magistrate's removal from the case.

## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. That Plaintiff's Objections to Proposed Findings and Recommendations of
   Magistrate (Doc. # 86) are OVERRULED;

2. That Defendants Colorado Supreme Court and Colorado Court of Appeals'
   Objection to Recommendation of United States Magistrate Judge (Doc. #
   84) is OVERRULED;

3. That Plaintiff's Emergency Motion for Reassignment of Magistrate and
   Plaintiff's Objection to Magistrate's Order (Doc. # 90) is OVERRULED to
   the extent it objects to the Magistrate Judge's denial of Plaintiff's Motion
   for Taking of Judicial Notice (Doc. # 85) and is DENIED to the extent it
   seeks the removal of the Magistrate Judge from this case;

4. That the Recommendation of United States Magistrate Judge (Doc. # 83)
   is MODIFIED and ADOPTED as stated herein;

5. That Defendants Colorado Supreme Court and Colorado Court of Appeals'
   Motion to Dismiss First Amended Complaint (Doc. # 30) is GRANTED;

6.     That Defendants the United States District Court for the District of Colorado, and the Tenth Circuit Court of Appeals' Motion to Dismiss (Doc. # 40) is GRANTED;

7.     That Federal Defendant Hon. Marcia S. Krieger's Motion to Dismiss (Doc. # 75) is GRANTED;

8.     That Plaintiff's Emergency Motion for Preliminary Injunction and Other Injunctive and/or Declaratory Relief (Doc. # 9) is DENIED;

9.     That Plaintiff's Motion for Oral Argument Concerning Recommendation of Magistrate (Doc. # 99) is DENIED as MOOT; and

10.    That this case is hereby DISMISSED in its entirety.

DATED: August 3, 2009.

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge