IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-00251-CMA-KMT

KENNETH L. SMITH,

    Plaintiff,

v.

HON. MARCIA S. KRIEGER, in her official capacity as Judge of the United States District Court for the District of Colorado;
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO;
THE TENTH CIRCUIT COURT OF APPEALS;
THE COLORADO COURT OF APPEALS;
THE SUPREME COURT OF COLORADO; and
JOHN DOES 1-99,

    Defendants.

## ORDER REGARDING OUTSTANDING MOTIONS

This matter is before the Court on Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (Doc. # 112), Motion for Oral Argument Regarding Rule 59(e) Motion to Alter or Amend Judgment (Doc. # 114), and Emergency Motion to Unseal Rule [sic] Document # 112 (Doc. # 115).

### I.  MOTION TO ALTER OR AMEND JUDGMENT

As a threshold matter, Plaintiff moves for oral argument on his Rule 59(e) Motion to Alter or Amend Judgment. Granting oral argument is within this Court's discretion. *See* D.C.COLO.LCivR 7.1.G; CMA Civ. Practice Standards III.E. Having reviewed Plaintiff's Rule 59(e) motion, the Court finds that oral argument on the motion is not

necessary. Therefore, Plaintiff's Motion for Oral Argument Regarding Rule 59(e) Motion to Alter or Amend Judgment (Doc. # 114) is denied.

The Court next turns to the substance of Paintiff's Rule 59(e) motion. "Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice." *Figueroa v. Am. Bankers Ins. Co. of Florida*, 517 F. Supp. 2d 1266, 1270 (D. Colo. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not the appropriate vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Plaintiff's motion challenges the Court's application of the *Rooker-Feldman* doctrine, Doc. # 112 at 6-10, challenges the foundation of the doctrine of sovereign immunity, *id.* at 10-19, attacks the Tenth Circuit's reasoning in *Trackwell v. U.S. Gov't*, 472 F.3d 1242 (10th Cir. 2007), *id.* at 20-24, reiterates issues from his earlier cases, *id.* at 48-50, and continues his broad attacks on the character and integrity of the government and the courts. While the Court recognizes that Plaintiff disagrees with its decision, the Court finds that the issues raised in the motion are not appropriate for Rule 59(e) relief. Plaintiff's motion is therefore denied.

## II.  MOTION TO UNSEAL

On August 26, 2009, the Court ordered Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment to be sealed due to its inflammatory nature.  *See* Order to Seal Document # 112 (Doc. # 113).  Plaintiff asks this Court to unseal the document.

> [A] common law right exists to inspect and copy judicial records.  The right is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes.  However, the right is not absolute.  All courts have supervisory powers over their own records and files.  Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests.

*United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (citations, quotations, alterations omitted).  As there is "no comprehensive formula" for determining access, the decision "'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'"  *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

As noted in the Court's order sealing the document, the filing contains inflammatory content that the Court finds has the potential to jeopardize the safety of the members of the federal bench.  The Court finds that these interests outweigh any public right of access to Plaintiff's Rule 59(e) motion.  *Cf. Clark v. New Mexico Dep't of Corr.*, 58 F. App'x 789, 792 (10th Cir. 2003) (sealing report that jeopardized inmate safety); *see generally Hickey*, 767 F.2d at 708 (noting that access may be denied "'where court files might have become a vehicle for improper purposes'" (quoting *Nixon*, 435 U.S. at 598)).  Moreover, the Court notes that Plaintiff is seeking to unseal a document that he himself filed; as Plaintiff knows the contents of the document

(and presumably retained a copy thereof), there is no functional impediment to his ability to "inspect and copy" the record. For all of these reasons, Plaintiff's motion to unseal is denied.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. That Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (Doc. # 112) is DENIED;

2. That Plaintiff's Motion for Oral Argument Regarding Rule 59(e) Motion to Alter or Amend Judgment (Doc. # 114) is DENIED; and

3. That plaintiff's Emergency Motion to Unseal Rule [sic] Document # 112 (Doc. # 115) is DENIED.

DATED: September  9 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4